IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| QUINTEN L. JACKSON, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: RDB-10-0213 |
| SGT. LEATHER, et al., | * | |
| Defendants. | * | |

* * * * * * * * * * * * *

**MEMORANDUM OPINION**

Plaintiff Quinten Jackson ("Jackson"), proceeding *pro se*, brings this action against four current or former employees of the Washington County Detention Center ("WCDC"): Warden Evans and Deputies Leather, Kemp and Long (collectively "Defendants"). Jackson's Complaint consists of five hand-written pages and alleges that while incarcerated in the WCDC, Jackson was given insufficient medical care. Compl. at 2, ECF No. 1-1. Currently pending before this Court is Defendants' Motion to Dismiss (ECF No. 6). Although provided notice and an opportunity to respond, Plaintiff Jackson has not opposed the dispositive motion that was filed nearly six months ago[1]. This Court has reviewed the record, as well as the pleadings and exhibits, and finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the reasons set forth below, Defendants' Motion to Dismiss Complaint (ECF No. 6) is GRANTED.

BACKGROUND

---

[1] The Clerk of this Court mailed an order to Jackson granting his Motion for Extension of Time. (ECF No. 9.) The order was returned to the Court by the United States Postal Service and was marked as undeliverable. (ECF No. 11.)

1

In ruling on a motion to dismiss, "[t]he factual allegations in the plaintiff's complaint must be accepted as true and those facts must be construed in the light most favorable to the plaintiff." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). On January 26, 2010, Jackson filed his Complaint alleging that, while incarcerated at the WCDC for 90 days, he was not allowed medication or access to a doctor by the Defendants. Compl. at 2. Jackson's Complaint consists of three hand-written pages and includes a two page hand-written attachment. *See* ECF No. 1-1. Although Jackson does not organize his grievances into specified counts or causes of action, he generally discusses the following issues: lack of medical care, inmate abuse, racial discrimination and unfair hearings. *Id.* at 1-2.) Jackson claims that medical personnel at the WCDC refused to provide him with 200 milligrams of Seroquel, a drug he alleges was previously prescribed to him by a physician by the name of "Dr. Wagner." *Id.* at 1. In his Complaint, Jackson refers to a letter by this Dr. Wagner supposedly confirming the prescription; however, no such letter is attached to the Complaint or contained anywhere in the record. *Id.* at 2. The only documentation included with the Complaint is a report completed by another health care professional at WCDC the day Jackson was released. *Id.* at 3. The report does not recommend that Jackson be prescribed any particular medication, but suggests that he follow up with a private psychiatrist or contact the local health department. *Id.* On April 15, 2010, Defendants filed the present Motion to Dismiss Complaint, (ECF No. 6) arguing that Jackson's claims are barred under Eleventh Amendment sovereign immunity, and fail to state a claim under the Eighth Amendment. Jackson has not responded to the Defendants' Motion to Dismiss Complaint.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and

plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted; therefore, a Rule 12(b)(6) motion tests the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555. Thus, a court considering a motion to dismiss "can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Well-pleaded factual allegations contained in the complaint are assumed to be true "even if [they are] doubtful in fact," but legal conclusions are not entitled to judicial deference. *See Twombly*, 550 U.S. at 570 (stating that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'" (citations omitted)). Thus, even though Rule 8(a)(2) "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S. Ct. at 1950.

To survive a Rule 12(b)(6) motion, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Supreme Court has explained recently that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 129 S. Ct. at 1949. The plausibility standard requires that the pleader show more than a sheer possibility of success, although it does not impose a "probability requirement."

3

*Twombly*, 550 U.S. at 556. Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1937. Thus, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Id.*

## ANALYSIS

I. <u>Eleventh Amendment Sovereign Immunity</u>

As employees of the WCDC, the Defendants are considered State personnel as defined under the Maryland Tort Claims Act ("MTCA"), MD. CODE ANN., STATE GOV'T § 12-101 (2010). As State personnel, Defendants are immune from "liability in tort for a tortious act or omission that is within the scope of the public duties of the State personnel and is made without malice or gross negligence." *Id.* § 5-522(b); *see also Lee v. Cline*, 384 Md. 245, 254 (2004). In *Allen v. Deilamea*, this Court found that depriving an inmate of his prescribed injections for multiple sclerosis for eight days because of a failure to timely restock the medication constituted negligence, but not gross negligence. No. RWT-09-1842, 2010 U.S. Dist. LEXIS 53913, at *7-8 (D. Md. June 1, 2010). In the present case, Jackson claims that for the two months he was incarcerated, medical personnel at the WCDC would not prescribe him medication, which he was once prescribed by a non-prison doctor. Compl. at 1-2. In *Deilamea*, the health staff at the prison had recognized that the inmate had multiple sclerosis and that he needed daily injections or he would experience great pain. 2010 U.S. Dist. LEXIS 53913, at *7. Here, the health professionals at the WCDC determined that Jackson did not need the medication he asked for, and there is no verifiable documentation that any doctor had ever prescribed Jackson such

medication. Therefore, depriving Jackson of medication was not grossly negligent action by the Defendants, and they retain immunity under the Maryland Tort Claims Act.

Although it is unclear whether Jackson is suing the Defendants in their official or individual capacities, if Jackson brings these claims against the Defendants in their official capacities, the Eleventh Amendment immunizes states from suit brought in federal court absent waiver from the state or a clear congressional exercise of its power under the Fourteenth Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). The State of Maryland has not expressly waived its immunity under the Eleventh Amendment to such suits. MD. CODE ANN., STATE GOV'T § 5-522 (2010). The MTCA states that the State does not "waive any right or defense of the State or its units, officials, or employees in an action in a court of the United States or any other state, including any defense that is available under the 11th Amendment to the United States Constitution." *Id.* § 12-103. Accordingly, to the extent that Jackson's Complaint is brought against Defendants in their official capacities, those claims must fail.

Similarly, to the extent that Jackson's claims are brought against Defendants in their individual capacity, those claims must also fail. Government officials are generally protected by qualified immunity when they perform the discretionary duties of their offices. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Courts have traditionally engaged in a two-step analysis when determining whether an officer is protected by qualified immunity. *Wilson v. Layne*, 526 U.S. 603, 609 (1999). First, a court determines whether a constitutional right has been violated. Second, "assuming that the violation of the right is established, courts must consider whether the right was clearly established at the time such that it would be clear to an objectively reasonable officer that his conduct violated that right." *Brown v. Gilmore*, 278 F.3d 362, 367 (4th Cir.

5

2002) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). The Supreme Court has recently modified this rigid, two-tiered approach, by allowing reviewing judges to evaluate the two factors in whatever order they wish, in view of the unique facts of a case. *Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009) ("[t]he judges of the district courts and courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand").

Jackson has not overcome the presumption of qualified immunity in this case. First, it is not clear that a constitutional right has been violated. Jackson's assertion that the failure of the WCDC medical staff to prescribe him his preferred medication constitutes cruel and unusual punishment under the Eighth Amendment is not plausible on its face. *See* Parts II and III, *infra*. As such, it is unnecessary for this Court to further entertain the possibility that Jackson brings his claims against Defendants in their individual capacity.

II.     <u>Eighth Amendment Claim</u>

Jackson claims he was subjected to cruel and unusual punishment by WCDC staff through their refusal to prescribe him certain medication, thereby violating his Eighth Amendment rights. To bring an Eighth Amendment medical claim, Plaintiff must demonstrate that the actions of the Defendants, or their failure to act, amounted to deliberate indifference to a serious medical condition. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference requires conscious disregard of a substantial risk of serious harm, or that treatment was "so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990). The United States Court of Appeals for the 4th Circuit has held that an inmate's disagreement with

6

medical providers about the proper course of treatment for a condition does not support an Eighth Amendment cause of action. *See Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985); *Wester v. Jones*, 554 F.2d 1285 (4th Cir. 1977).

From the few facts available to this Court, it is clear that Jackson's allegations do not rise to the level needed to satisfy an Eighth Amendment claim. In *Calhoun-El v. Maynard*, this Court found that the Plaintiff in that case would not be granted relief because he and his doctor at the detention center disagreed about a prescription regimen. No. RDB-09-3085, 2010 U.S. Dist. LEXIS 55474, at *8 (D. Md. June 4, 2010). The facts of the present case are similar to those of *Calhoun-El*. Jackson claims that WCDC medical personnel failed to prescribe him Seroquel, a drug to which he apparently felt entitled. Essentially, Jackson and the WCDC medical personnel disagree as to the proper course of treatment. As stated above, an inmate's disagreement with medical providers about the proper course of treatment for a condition does not support an Eighth Amendment cause of action; therefore, Jackson's claims do not support a cause of action under the Eighth Amendment. *See Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985); *Wester v. Jones*, 554 F.2d 1285 (4th Cir. 1977).

III. <u>Failure to Plead Sufficiently</u>

Jackson has failed to provide enough plausible facts in his Complaint to satisfy the pleading requirements dictated by the United States Supreme Court. A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 29 S. Ct. 1937, 1950 (2009).

7

As found in Parts I and II, *supra*, Jackson's claims are not plausible. Following the standard set in *Iqbal*, the Fourth Circuit has stated that "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." *Nemet Chevrolet, Ltd. V. Consumeraffairs.com*, 591 F.3d 250, 255 (4th Cir. 2009). Jackson's bare assertions that he was denied medical care by WCDC staff are not sufficient to push his claim across the line "from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (Paper No. 6.) is GRANTED.

A separate Order follows.

Dated:	November 24, 2010	/s/ *[signature]*
	Richard D. Bennett
	United States District Judge